IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

**JOSEPH DONLEY and RINDY RAINS**                                    **PLAINTIFFS**

vs.                                             No. 1:22-cv-121

**HARD HEAD VETERANS, LLC**                                          **DEFENDANT**

## ORIGINAL COMPLAINT

Plaintiffs Joseph Donley and Rindy Rains (collectively "Plaintiffs"), by and through their attorney Josh Sanford of the Sanford Law Firm, PLLC, for their Original Complaint against Hard Head Veterans, LLC ("Defendant"), state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiffs bring this action against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Plaintiffs seek declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs lawful overtime compensation for hours worked in excess of forty hours per week.

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

### II. JURISDICTION AND VENUE

4. The U.S.D.C. for the Northern District has subject matter jurisdiction under 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant conducts business within the State of Texas.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

7. The acts alleged herein had their principal effect within the Abilene Division of this District; venue is proper pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

8. Plaintiff Joseph Donley is an individual and resident of Taylor County.

9. Plaintiff Rindy Rains is an individual and resident of Nolan County.

10. Defendant is a domestic limited liability company.

11. Defendant's registered agent for service of process is JPF Securities Law, LLC, at 1920 McKinney Avenue 7th Floor, Dallas, Texas 75201.

12. Defendant maintains a website at https://www.hardheadveterans.com/.

### IV.   FACTUAL ALLEGATIONS

13. Defendant employed two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

14. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the proposed collective.

16. In the course of their duties while working for Defendant, Plaintiffs' regularly used instrumentalities of interstate commerce such as the internet.

17. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

18. Donley was employed by Defendant from February of 2021 until May of 2022 as a salaried Plant Technician.

19. Rains was employed by Defendant from April of 2022 until May of 2022 as a salaried Plant Operator.

20. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA

21. At all relevant times herein, Defendant directly hired Plaintiffs to work at its facilities, paid them wages and benefits, controlled their work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. Donley's primary duties included remodeling and construction work, setting up equipment, setting up paint booths, working with hydraulic presses, and shipping and receiving.

23. In the last few months of Donley's employment, he was primarily responsible for setting up trainings and procedures related to OSHA, all of which were subject to approval from his supervisors.

24. Rains' primary duties included shipping and receiving helmets, supplies, parts, and gear, performing maintenance on helmets and gear, and assembling face shields and other equipment for orders.

25. Defendant classified Plaintiffs as salaried employees, exempt from the overtime provisions of the FLSA.

26. Plaintiffs did not have the authority to hire or fire other employees, nor were their recommendations as to hiring or firing given particular weight.

27. Defendant did not consult with Plaintiffs about hiring or firing any other employee.

28. Plaintiffs did not exercise discretion or independent judgment as to matters of significance.

29. Plaintiffs' duties were rote and routine, and they sought input from their supervisors when their duties were not rote or routine.

30. In carrying out their duties, Plaintiffs followed the processes put in place by Defendant and others.

31. Plaintiffs did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

32. Plaintiffs regularly worked over forty hours per week.

33. Defendant required Plaintiffs to use key fobs to gain entry into the facility and thereby monitored who came and went at the facility.

34. Defendant regularly scheduled Plaintiffs to work more than 40 hours per week.

35. Defendant knew or should have known that Plaintiffs worked hours over 40 hours in at least some weeks.

36. Defendant did not pay Plaintiffs 1.5x their regular rate of pay for hours worked over 40 per week.

37. At all relevant times herein, Defendant has deprived Plaintiffs of overtime compensation for all of the hours they worked over forty per week.

38. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## VI.   CAUSE OF ACTION—VIOLATION OF THE FLSA

39. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

40. At all times relevant to this Complaint, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

41. At all times relevant hereto, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

42. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

43. At all relevant times to this Complaint, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

44. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of 1.5x their regular rate of pay for all hours worked over 40 each week.

45. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

46. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Joseph Donley and Rindy Rains respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows::

A. That Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the related regulations;

C. Judgment for damages owed to Plaintiffs under the FLSA and the related regulations;

D. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and the related regulations;

E. An order directing Defendant to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

F. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFFS JOSEPH DONLEY
and RINDY RAINS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com